UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| Eric Robert Dughetti, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-3222 |
| | ) | |
| IDOC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## Merit Review Order

The plaintiff, proceeding *pro se*, and currently incarcerated at Taylorville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that prison officials have provided N-95 face masks in response to the Covid-19 pandemic without the "thin metal nose band" allegedly necessary for the masks to perform properly. Plaintiff also alleges that "the opportunity to earn [good-time] credits hasn't been offered due to Covid-19 virus safety measures."

Plaintiff's reference to "Covid-19 safety measures" suggests that prison officials have taken additional steps to address the Covid-19 pandemic, but Plaintiff has not provided any allegations identifying same. On its own, the lack of a thin metal nose band while otherwise being provided a mask does not permit a plausible inference that Plaintiff suffered the type of extreme deprivation necessary to establish a violation of the Eighth Amendment. *Henderson v. Sheahan,* 196 F.3d 849, 845 (7th Cir. 1999) ("extreme deprivations are required to make out a conditions-of-confinement claim."). The Court finds that Plaintiff does not state an Eighth Amendment conditions-of-confinement claim based on the lack of nose bands.

Plaintiff's allegations regarding the lack of opportunity to earn sentence credit appear to be based on an Illinois law that permits inmates to earn credit against their sentences through completion of certain programs. *See* 725 ILCS 5/3-6-3(a)(1.5)(A). Plaintiff does not have a constitutional right to good-time credit. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The failure to provide these programs would be a violation of state law, which does not create a federally enforceable right. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."). Plaintiff also fails to allege how each named defendant was personally involved in the alleged deprivations; he cannot sue supervisory officials just because they are in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff's complaint is dismissed for failure to state a claim. The Court grants Plaintiff leave to file an amended complaint to provide more information or to clarify his claims within the deadline set below.

**It is therefore ordered:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2. Plaintiff's Motion to Request Counsel [4] is denied with leave to renew. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not yet satisfied the first prong. A plaintiff usually does this by writing to attorneys and attaching copies of any correspondence sent or received. Plaintiff also has personal knowledge of the facts, he has been able to adequately convey them to the Court, and he indicated in his motion that he has completed some college coursework. Plaintiff's claims do not appear to be overly complex. The Court finds that Plaintiff is capable of representing himself at this time.

   Entered this 5th day of October, 2020.

   _____s/ Harold A. Baker_____
   HAROLD A. BAKER
   UNITED STATES DISTRICT JUDGE